IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID W. CRITES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-cv-00677-JPG |
| | ) |
| JOHN LAKIN, | ) |
| CAPTAIN BOST, | ) |
| ALTON POLICE DEPARTMENT, | ) |
| JOSEPH SPLITTORFF, | ) |
| MADISON COUNTY JAIL, | ) |
| NURSE BOBBY,[1] | ) |
| UNKNOWN PARTY, and | ) |
| CITY OF EDWARDSVILLE, IL | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff David Crites is currently incarcerated at the Madison County Jail in Edwardsville, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Crites has filed a civil rights action pursuant to 42 U.S.C. § 1983 against several jail staff and the Madison County Jail itself, against the Alton Police Department and one of its officers, and against the City of Edwardsville, Illinois. (*Id.* at 1-3.) Crites alleges that various jail officials have failed to provide him with medical care, have not provided him with certain necessities, and have not provided him with proper resources to access the courts. (*Id.* at 7-4.) Crites also alleges that the Alton Police Department and one of its officers falsely arrested him, and that the City of Edwardsville, Illinois has denied him due process as a part of an ongoing criminal prosecution. (*Id.*) Crites seeks money damages as well as several types of injunctive relief. (*See id.* at 15-16.)

---

[1] The **CLERK** is **DIRECTED** to add Nurse Bobby as a Defendant to this case.

This matter is now before the Court for a preliminary review of Crites' complaint pursuant to 28 U.S.C. § 1915A.  Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity."  During this preliminary review under § 1915A, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

## Background

While Crites' complaint is a bit confusing, as best the Court can tell, Crites was arrested in August 2014 for a motor vehicle offense and for aggravated fleeing from an Alton police officer named Joseph Splittorff.  (Doc. 1-1 at 3.)  According to Crites, Officer Splittorff pulled him over on August 28, 2014 for a seat belt violation; when Splittorff tried to pull Crites out of his vehicle, Crites' foot "came off" the clutch and the car "proceeded" from Illinois into Missouri.  (Doc. 1 at 9.)  For reasons Crites left out of his complaint, a high-speed chase then occurred, where both vehicles were allegedly going in excess of one hundred miles per hour.  (*Id.*)  Crites lost control of his vehicle, crashed into a "tributary of the Mississippi and Missouri river" after "careening 300 feet into said rivers," and then fled from police.  (*Id.*)  St. Louis officers arrested Crites the next day when he was caught riding a stolen bicycle on the shoulder of North U.S. Highway 67 just north of Highway 367.  (Doc. 1-3 at 9.)  Crites was indicted in the Circuit Court of Madison County, Illinois on May 21, 2015.  (Doc. 1-1 at 8.)

Crites spent some time incarcerated at the St. Louis County Justice Center related to these charges, but was ultimately held at the Madison County Jail from May 2015 onward.  (*See* Doc. 1 at 16.)  During his time at the Madison County Jail, Crites says that Lakin and Bost have

not allowed him to purchase stamps and supplies so that he can access the courts related to his criminal charges, and that there is no policy in place to assert grievances. (*Id.* at 7.) He also alleges that the jail has a minimal law library: when he asks for access, he is told to get one book and go to a visiting booth, but is not given enough time in the library or access to law clerks. (*Id.* at 8.) Crites also claims that there is a policy by jail staff to not give indigent plaintiffs underwear and other necessities, like haircuts, combs, and shampoos. (*Id.* at 7.) Crites finally claims that his medical needs are "very grossly being violated" by medical staff at the jail: Crites needs treatment for his diabetic and hepatitis conditions, but the jail's medical staff refuses to treat him – ostensibly because he has filed previous suits against them. (*Id.* at 7-8.)

Since his detention, Crites also says that various prosecution, defense, and judicial officials with the City of Edwardsville have violated his rights related to his ongoing criminal prosecution. (*Id.* at 12-14.) According to Crites, the prosecutor has "created a conspiracy" to negate his rights, has conspired with the police officers involved in his case to gain a "tactical advantage," and has not provided him with discovery. (*Id.* at 12.) He also alleges that his public defender has not responded to his letters, and that the judge assigned to his case refuses to rule on his *pro se* filings and refuses to let him represent himself. (*Id.* at 13-14.)

## Discussion

To facilitate the management of future proceedings, and in accordance with the objectives of Federal Rules of Civil Procedure 8 and 10, the Court finds it appropriate to break the claims in Crites' *pro se* complaint into numbered counts, as shown below. The parties and the Court will use these designations in all pleadings and orders, unless otherwise directed by the Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Lakin and Bost have refused to provide Crites with access to stamps, envelopes and copies, thereby violating his right to access the courts.

**COUNT 2:** Lakin, Bost, and the Madison County Jail have failed to provide an adequate grievance procedure, in violation of Crites' rights.

**COUNT 3:** Bost has not provided Crites with proper access to a law library or legal staff, in violation of Crites' right to legal resources.

**COUNT 4:** The Madison County Jail has a policy of refusing inmates combs, haircuts, underwear, and shampoo, in violation of Crites' due process rights.

**COUNT 5:** Lakin, Bost, and the Madison County Jail have failed to provide legal resources and various supplies to indigent defendants like Crites, in violation of Crites' equal protection rights.

**COUNT 6:** Nurse Bobby and other medical staff at the jail have failed to treat Crites' diabetes and hepatitis, in violation of Crites' due process rights.

**COUNT 7:** Nurse Bobby and other medical staff at the jail have failed to provide medical care in retaliation for a past lawsuit filed by Crites.

**COUNT 8:** Joseph Splittorff and the City of Alton engaged in improper conduct related to Crites' arrest, in violation of Crites' rights.

**COUNT 9:** The City of Edwardsville has engaged in improper conduct related to Crites' criminal prosecution, in violation of Crites' rights.

Crites' complaint focuses primarily on his issues at the Madison County Jail, so the Court will start there. Crites first claims that Lakin and Bost have refused him stamps, envelopes, and access to copies on several occasions, thereby frustrating his access to courts (**Count 1**). To state a violation of the right of access to courts, an inmate must allege that officials failed to provide him with a reasonable allotment of materials necessary to correspond with courts, and that he suffered an actual injury due to this deprivation. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right of access to courts necessarily entitles a prisoner to some amount of envelopes and stamps in order to correspond with the courts, *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977), but that right is not unlimited – authorities are permitted to make a sensible effort "to balance the right of

[access to courts] with prison budgetary concerns," *Gaines v. Lane*, 790 F.2d 1299, 1308 (7th Cir. 1986). In this case, Crites says that he has been repeatedly denied access to stamps, writing supplies, and other materials, and thus cannot write to his attorney concerning his ongoing criminal prosecution in Madison County or obtain records related to an upcoming suit in federal court in the Eastern District of Missouri. These allegations put forth an arguable access to courts claim for purposes of screening review, so **Count 1** may proceed as to Lakin and Bost.[2]

Crites also raises a number of allegations linked to the grievance procedure at the jail (**Count 2**): he says there is no "policy or procedure" to air complaints about guards and there is no established method of filing grievances. This claim must be dismissed at the gate, as there is no federal constitutional right to a prison or jail grievance process, and thus no freestanding claim related to a jail's failure to set up a grievance system or an official's mishandling of a grievance. *See*, *e.g.*, *Courtney v. Devore*, 595 F. App'x 618, 620-21 (7th Cir. 2014) (noting that "state grievance procedures do not create substantive liberty interests protected by due process," and the "mishandling" of those grievances states no claim); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (the "alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). While a prisoner might have a cognizable claim if he alleges that officials did not respond to grievances because he engaged in protected activity, Crites does not allege anything like that here; rather, he only says

---

[2] Crites also implicates another jail officer, Lieutenant Hollenbeck, in portions of this claim, but he has not added Hollenbeck to the list of defendants or the caption, so that party cannot be properly considered a defendant in this case. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). Any claim against Lieutenant Hollenbeck should be considered dismissed without prejudice.

that a grievance system is not in place to hear his complaints, including those about retaliatory conduct by guards. Accordingly, **Count 2** must be dismissed without prejudice.[3]

Crites also alleges that Bost has deprived him of access to a law library by only giving him access to one book at a time in a visitation booth and by not providing him with access to law clerks (**Count 3**). To put forth a legal resources claim, a prisoner must show that officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). A prisoner must then "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Here, Crites alleged that the failure to provide him with adequate legal resources is depriving him of the ability to defend himself in his ongoing criminal case, and that is sufficient – at least for screening review – to state an arguable claim. As such, **Count 3** may proceed as to Bost.[4]

Crites next raises a number of claims concerning the conditions of confinement at the jail, saying that the jail has a policy of denying inmates underwear, haircuts, shampoo, and combs unless they pay for these materials (**Count 4**). In making these allegations, Crites seems to be trying to impose liability based on a municipal practice, rather than the "personal conduct" of any one defendant. *See Budd v. Motley*, 711 F.3d 840, 843 (7th Cir. 2013). That is an official

---

[3] Crites' complaint does not elaborate on any specific retaliatory conduct by line officers at the jail, nor does it name any of those officers as defendants in this case. Accordingly, Crites has not raised any retaliation claims, and he should consider those claims dismissed without prejudice.

[4] It is not clear from the complaint whether Crites is currently represented in his criminal action or whether he has fired his attorney, so dismissal on the ground that he has an attorney – and thus has no need for access to a law library – would be premature. *See, e.g.*, *Campbell v. Clarke*, 481 F.3d 967, 968 (7th Cir. 2007) ("[A]ccess to legal materials is required only for unrepresented litigants."); *Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988) (holding that a detainee had no library access claim because he was "represented by counsel" in his criminal case).

capacity claim, which is properly directed at the sheriff (here Sheriff Lakin) in his official capacity. *See id.* To make out such a claim, a plaintiff must allege that he was deprived of his constitutional rights, and that the deprivation occurred "pursuant to an official jail policy or widespread custom." *Grieveson v. Anderson*, 538 F.3d 763, 773 (7th Cir. 2008). Here, Crites has alleged a jail policy, and has also alleged conditions that arguably violate the due process clause, which requires that prisoners be provided with the minimum civilized measure of life's necessities. *See Budd*, 711 F.3d at 842. Accordingly, **Count 4** may proceed against Lakin in his official capacity. However, **Count 4** must be dismissed as to the Madison County Jail, as that defendant is not a suable party under § 1983. *See Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Cook County Jail" is not a "person" under § 1983).[5]

Crites also casts the above allegations as equal protection claims, saying that poor inmates are deprived access to stamps, a law library, and to various supplies if they cannot pay (**Count 5**). Crites says that these policies apply to all inmates at the jail, thereby defeating any equal protection claim for want of differential treatment. *See Mathews v. Raemisch*, 513 F. App'x 605, 607 (7th Cir. 2013) ("[T]o sustain an equal protection claim, plaintiffs must allege that they have been treated differently from those similarly situated.") What Crites seems to be alleging is that indigent inmates are worse off than other inmates because of the jail's payment requirements, but that is an allegation of disparate impact rather than disparate treatment, and "an

---

[5] Crites also alleges that the jail has been using correctional officers to hand out medications rather than medical personnel, that medications are often handed out wrong, and that – when inquired about the incorrect medications – guards say that they "do not care." In making out this claim, Crites has stated very little, and has not indicated that he was personally impacted by this practice. Accordingly, he lacks standing to raise a claim about it. *See Elk Grove United Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) ("The plaintiff must show that the conduct of which he complains has caused him to suffer an 'injury in fact' that a favorable judgment will redress."). Any claim related to this point should be considered dismissed without prejudice.

assertion of disparate . . . impact does not state an equal protection claim." *Parker v. Lyons*, 757 F.3d 701, 707 (7th Cir. 2014). As such, **Count 5** must be dismissed without prejudice.

Crites next claims that Nurse Bobby and other unknown medical staff at the jail are refusing to treat his medical conditions: he suffers from diabetes, which requires a special diet and footwear, and hepatitis, which requires certain medications. Crites is a pretrial detainee, so his freestanding medical claim (**Count 6**) is analyzed under the due process clause of the Fourteenth Amendment rather than the cruel and unusual punishment clause of the Eighth Amendment. *Pittman ex rel. Hamilton v. Cnty. of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). The distinction is of minimal difference at this stage of the case, though; to state a claim under either amendment, a plaintiff must allege that he suffered from a serious medial condition and that officials behaved recklessly in response to that medical condition. *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012). Here, Crites' diabetes and hepatitis conditions qualify as serious, and his allegations that jail medical staff are ignoring these conditions puts forth a sufficiently culpable state of mind, at least for screening review purposes. Accordingly, **Count 6** will be allowed to proceed as to Nurse Bobby and the unknown medical parties.

Crites also claims that Nurse Bobby and other unknown medical staff failed to treat him because he filed lawsuits against the jail's medical staff in the past (**Count 7**). To put forth a retaliation claim, a plaintiff must "plausibly allege" that he "engaged in activity protected by the First Amendment," that he "suffered an adverse action that would likely deter future First Amendment activity," and that the "First Amendment activity was at least a motivating factor in the defendants' decision to retaliate." *Santana v. Cook Cnty. Bd. of Review*, 679 F.3d 614, 622 (7th Cir. 2012). Here, Crites has alleged retaliatory conduct by Nurse Bobby and other medical staff at the jail, so **Count 7** may proceed as to Nurse Bobby and the unknown medical parties.

Crites' remaining claims relate to a number of non-jail defendants: he says that the Alton Police Department and one of its officers violated his rights related to his arrest (**Count 8**), and that the City of Edwardsville has engaged in unconstitutional conduct concerning his ongoing prosecution (**Count 9**). These defendants must be dismissed on misjoinder grounds. Under Federal Rule of Civil Procedure 20, a plaintiff may join as many defendants as he wants in one action so long as "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences" and "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). What a plaintiff cannot do under Rule 20 is join unrelated claims against separate groups of defendants in one suit – a "litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). This barrier against multi-defendant, multi-claim suits avoids the procedural "morass" that comes with these types of cases, and also ensures that inmates pay filing fees and incur strikes as envisioned by the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Here, Crites' claims against the City of Alton, against Joseph Splittorff, and against the City of Edwardsville are unrelated to his claims against the Madison County Jail officials, so these defendants must be dismissed from this case. *See Owens*, 635 F.3d at 952 (permitting a court to sever or dismiss in misjoinder matters). Crites is free to bring claims against these defendants in a separate action, if he wishes.

Crites has also filed several motions since he filed his complaint, and the Court will address some of those now. First, Crites has filed a motion for an order compelling the Madison County Jail to pay his postage for his state and federal legal mail. (Doc. 6.) As the Court said above, the Madison County Jail is not a proper defendant in this matter, so the motion must be

denied. Crites is free to refile this motion and direct it at one of the remaining jail defendants, such as Lakin. Second, as a part of one of his motions for counsel, Crites has asked the Court to send him copies of his original complaint and the exhibits to it. (Doc. 8.) The Court is under no obligation to furnish free photocopies of pleadings in civil cases to indigent litigants, even when the litigant qualifies as a pauper pursuant to 28 U.S.C. § 1915(a). *See In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (pauper status "does not give the litigant a right to have documents copied and returned to him at government expense"). The Court's charge for photocopies is $0.50 per page. Because Crites has not paid the copying fee, his motion – to the extent it asks for copies – is denied without prejudice. Crites' original complaint, referenced in Doc. 1, is 16 pages long, and the exhibits thereto, referenced as Doc. 1-1, 1-2, 1-3, and 1-4, are collectively 37 pages long. Copies of these materials will be provided only upon prepayment of the copying fee accompanied by a renewed motion for copies of the documents by title and document number.

One final note concerning the Unknown Party medical officials: these officials must be identified with particularity before service of the complaint can occur on them. Where a detainee's complaint states specific allegations describing the conduct of unknown staff sufficient to raise a constitutional claim against them, the detainee should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir.2009). In this case, guidelines for discovery aimed at identifying the unknown medical parties will be set by the magistrate judge. Once the unknown medical officials are identified, Crites shall file a motion to substitute the named individuals with the Unknown Party medical designations.

**Disposition**

IT IS HEREBY ORDERED that, for the reasons stated, **COUNT 1** shall **PROCEED** against **LAKIN** and **BOST**.

IT IS FURTHER ORDERED that **COUNT 2** is **DISMISSED without prejudice**.

IT IS FURTHER ORDERED that **COUNT 3** shall **PROCEED** against **BOST**.

IT IS FURTHER ORDERED that **COUNT 4** shall **PROCEED** against **LAKIN**. **COUNT 4** is **DISMISSED with prejudice** as to the **MADISON COUNTY JAIL**, and the **MADISON COUNTY JAIL** is hereby **DISMISSED** from this suit.

IT IS FURTHER ORDERED that **COUNT 5** is **DISMISSED without prejudice**.

IT IS FURTHER ORDERED that **COUNT 6** shall **PROCEED** against **NURSE BOBBY** and the **UNKNOWN PARTY** medical officials.

IT IS FURTHER ORDERED that **COUNT 7** shall **PROCEED** against **NURSE BOBBY** and the **UNKNOWN PARTY** medical officials.

IT IS FURTHER ORDERED that **COUNTS 8 and 9** are **DISMISSED without prejudice**, as the **ALTON POLICE DEPARTMENT**, **SPLITTORFF**, and the **CITY OF EDWARDSVILLE** were improperly joined. These defendants are **DISMISSED** from this case.

IT IS FURTHER ORDERED that the Clerk of Court shall prepare for Defendants **LAKIN**, **BOST**, and **NURSE BOBBY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service, and the Court will require that

Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.  Service shall not be made on the Unknown Party defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. It is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that Plaintiff's motions for recruitment of counsel (Doc. 3 & Doc. 8) are **REFERRED** to a United States Magistrate Judge for consideration.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that Plaintiff's motion for order to compel Madison County Jail to pay postage (Doc. 6) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to copy (Doc. 8) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under § 1915 for leave to commence this action without being required to prepay fees and costs, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 20, 2015**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**
