IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID W. CRITES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-cv-00677-JPG-PMF |
| | ) |
| JOHN LAKIN, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

### MEMORANDUM AND ORDER

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 29) of Magistrate Judge Philip M. Frazier with regard to Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 20). Plaintiff filed a timely objection (Doc. 33) to the R & R.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). As objections have been filed, the Court will review those portions of the R & R *de novo*.

A plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Because the time for amendment as a matter of right has passed, whether the plaintiff should be allowed to amend his complaint is governed by Federal Rule of Civil Procedure 15(a)(2). Rule 15(a)(2) provides that a plaintiff may amend his pleading only with the opposing parties' written consent, which the plaintiff has

1

not obtained, or leave of court, which the Court should freely give when justice requires.

Although the text of the rule has changed in recent years, the rule still "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989); *see Diersen v. Chi. Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997); *Woods v. Ind. Univ.-Purdue Univ.*, 996 F.2d 880, 883 (7th Cir. 1993). Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

In this case, a threshold review of the proposed amended complaint has been conducted pursuant to 28 U.S.C. § 1915A and it has been determined that the allegations are insufficient to state a claim and/or that the additional allegations should be brought in a separate cause of action. Plaintiff's objection to the R&R does not cite to any incorrect fact or law within the R&R – it only states that he has been denied counsel and that he has limited access to law books. He further states that in his amended complaint, "I also motioned for reconsideration on some kind of pro bono civil attorney." He then goes on to discuss the status of his pending state court matter and requests a transfer to the Veterans' Administration. Although the Plaintiff did file an objection, there is nothing pertaining to the R&R that would require a *de novo* review and the

Court has reviewed all unobjected portions for clear error.

Finding that the R & R is not clearly erroneous, the Court hereby **ADOPTS** the Report and Recommendation in its entirety (Doc. 29) and **DENIES** Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 20).

**IT IS SO ORDERED.**

**DATED:** 11/18/2015 *s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**