# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID W. CRITES,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | )   **Case No. 3:15-cv-00677-JPG-RJD** |
| **v.** | ) |
| | ) |
| **JOHN LAKIN, et al.,** | ) |
| | ) |
| *Defendants*. | ) |

## FIRST AMENDED COMPLAINT

Plaintiff, David W. Crites, for his First Amended Complaint, states to the Court as follows:

### Parties, Jurisdiction and Venue

1.     Plaintiff is an individual and a citizen and resident of the State of Missouri.

2.     Defendant, John Lakin, at all times relevant to the events described in this First Amended Complaint, was the Sheriff of Madison County, Illinois.  As the Sheriff, Defendant Lakin was the top decision-maker with respect to conditions of confinement of pretrial detainees in the Madison County Jail located in Edwardsville, Illinois.  Defendant Lakin is sued herein in his official capacity as Sheriff of Madison County, Illinois.

3.     Defendant, Gary Bost, at all times relevant to the events described in this First Amended Complaint, was employed as the superintendent at of the Madison County Jail in Edwardsville, Illinois.  Defendant Bost is sued herein in his individual capacity.

4.     Defendant, Barbara Unfried, at all times relevant to the events described in this First Amended Complaint, was a nurse employed by the Madison County Jail in Edwardsville, Illinois.  Defendant Unfried is sued herein in her individual capacity.

5.      All acts and omissions on the part of each and every defendant as alleged herein were done by such defendant(s) under color of law, that is, pursuant to authority conferred upon such defendant as an official or employee of Madison County, a subdivision of the State of Illinois.

6.      This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and 42 U.S.C. § 1983.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims set forth herein occurred within this District.

<u>Plaintiff's Incarceration</u>

8.      From on or about May 4, 2015, up to and including approximately December 10, 2015, Plaintiff was incarcerated in the Madison County Jail in Edwardsville, Illinois.

9.      At all times during his 2015 incarceration in the Madison County Jail, Plaintiff was a pretrial detainee, in that he was held in connection with criminal charges pending against him in Case 2014-CF-001842 in the Circuit Court of Madison County, Illinois.  Those charges were not resolved until February 25, 2016.

<u>COUNT 1 – CONDITIONS OF CONFINEMENT</u>
(Defendant Bost)

10.      Plaintiff restates, realleges and incorporates by reference herein the allegations of Paragraphs 1 through 9, above, as though fully set forth herein.

11.      During his incarceration in the Madison County Jail, Plaintiff was deprived of haircuts, because only inmates and detainees who could pay for haircuts were allowed to have them, and Plaintiff lacked funds with which to pay for haircuts.  Plaintiff repeatedly asked Defendant Bost to be provided haircuts, but Defendant Bost refused to allow Plaintiff to receive haircuts.  On one occasion Defendant Bost authorized Plaintiff to be given a pair of electric

clippers, and Plaintiff was told that he could cut his own hair if he wished.  When Plaintiff

attempted to do so, he cut himself on his scalp.

12. During his incarceration in the Madison County Jail, Plaintiff was deprived of

shampoo.  Plaintiff repeatedly asked Defendant Bost to provide him with shampoo, but Defendant

Bost refused to do so.  Without shampoo, Plaintiff was forced to use soap to wash his hair, and the

use of the soap caused Plaintiff to suffer from eczema or an eczema-like condition involving

uncomfortable and humiliating flaking on his scalp and forehead. Other detainees ridiculed

Plaintiff as a result of the flaking of his scalp.

13. During his incarceration in the Madison County Jail, Plaintiff was not provided

with underwear.  While inmates and detainees were allowed to have friends or relatives provide it

for them, inmates and detainees such as Plaintiff who could not afford underwear and who had no

friends or relatives to provide it went without.  This deprivation, coupled with the fact that Plaintiff

was only provided with one uniform to wear during his incarceration, meant that Plaintiff was

forced to be naked during those periods of time during which his uniform was being laundered,

approximately once per week.  During these periods, which lasted approximately four to six hours

or more each time the uniform was being laundered, Plaintiff's only means of covering himself

was a blanket. If Plaintiff wanted to eat, he was forced to wrap the blanket around himself and

walk to kitchen/cafeteria area of the jail as other detainees ridiculed him for not having any clothes.

Plaintiff was effectively restricted to his cell during this time and unable to participate in any

activities or exercise. Plaintiff repeatedly asked Defendant Bost to provide him with underwear,

but Defendant Bost refused to do so.

14. Each of the conditions described in Paragraphs 11, 12 and 13, above, alone or in

combination, violated Plaintiff's right under the Fourteenth Amendment to the Constitution of the

United States of America to not be deprived of life, liberty, or property, without due process of law, as follows:

      A.    These conditions, alone or in combination, posed a substantial risk of serious harm to Plaintiff's health and safety, and Defendant Bost was deliberately indifferent to Plaintiff's health and safety, in that Defendant Bost knew of the substantial risk of serious harm to Plaintiff's health and safety and consciously disregarded the risk by failing to take reasonable measures to provide Plaintiff with haircuts, shampoo and underwear; and

      B.    These conditions, alone or in combination, constituted inhumane conditions serious enough to result in the denial of the minimal civilized measure of life's necessities, and Defendant Bost knew of these conditions and failed to take reasonable measures to provide Plaintiff with haircuts, shampoo and underwear; and

      C.    These conditions, alone or in combination, constituted unconstitutional punishment of Plaintiff, a pretrial detainee not convicted of any offense at the time of his incarceration in the Madison County Jail, in that the denial of haircuts, shampoo and underwear did not further a legitimate, non-punitive governmental purpose or the denial was excessive relative to any legitimate, non-punitive governmental purpose, and Defendant Bost knew of these conditions and failed to take reasonable measures to provide plaintiff with haircuts, shampoo and underwear.

15.    Plaintiff suffered harm as a result of Defendant Bost's deprivations of Plaintiff's constitutional rights.

WHEREFORE, Plaintiff prays for judgment on Count 1 in his favor and against Defendant Bost: (a) for compensatory damages to fairly compensate Plaintiff for the harm he sustained as a direct result of Defendant Bost's conduct in depriving him of his constitutional rights; (b) for a

reasonable amount as and for attorney's fees; (c) for his costs herein incurred; and (d) for such other and further relief as the Court deems just and proper.

COUNT 2 – CONDITIONS OF CONFINEMENT
(Defendant Lakin)

16.     Plaintiff restates, realleges and incorporates by reference herein the allegations of Paragraphs 1 through 15, above, as though fully set forth herein.

17.     During Plaintiff's incarceration in the Madison County Jail, the temperature in those portions of the jail where inmates and detainees were housed was kept at an excessively cold level.  The temperature of these portions of the jail was so low as to, by itself and in combination with the conditions set forth in Paragraphs 11, 12 and 13 hereof, deprive Plaintiff of his right under the Fourteenth Amendment to the Constitution of the United States of America to not be deprived of life, liberty, or property, without due process of law, in that the excessively low temperature (A) posed a substantial risk of serious harm to the health or safety of Plaintiff; and (B) constituted an inhumane condition serious enough to result in the denial of the minimal civilized measure of life's necessities; and (C) constituted unconstitutional punishment of Plaintiff, a pretrial detainee not convicted of any offense at the time of his incarceration in the Madison County Jail, in that the excessively cold temperature did not further a legitimate, non-punitive governmental purpose or the cold temperature was excessive relative to any legitimate, non-punitive governmental purpose.

18.     The conditions described in Paragraphs 11, 12, 13 and 17 hereof were the official policy of the Madison County Jail, in that each of them was an express policy of the Madison County Jail; and/or each was a decision and policy made by Defendant Lakin, a policy-making official of the Madison County Jail; and/or the conditions described in Paragraphs 11, 12, 13 and 17 hereof were the official policy of the Madison County Jail because they were so persistent and widespread as to constitute the Madison County Jail's standard operating procedure.

5

19.   Plaintiff suffered harm as a result of these deprivations of Plaintiff's constitutional rights, which deprivations resulted from the official policy of the Madison County Jail. .

20.   Defendant Lakin, in his official capacity as Sheriff of Madison County, is liable to Plaintiff for the deprivation of Plaintiff's constitutional rights as set forth in this Count 2.

WHEREFORE, Plaintiff prays for judgment on Count 2 in his favor and against Defendant Lakin in his official capacity: (a) for compensatory damages to fairly compensate Plaintiff for the harm he sustained as a direct result of the deprivation of his constitutional rights; (b) for a reasonable amount as and for attorney's fees; (c) for his costs herein incurred; and (d) for such other and further relief as the Court deems just and proper.

<u>COUNT 3 – DELIBERATE INDIFFERENCE TO PLAINTIFF'S
SERIOUS MEDICAL NEEDS</u>
(Defendant Unfried)

21.   Plaintiff restates, realleges and incorporates by reference herein the allegations of Paragraphs 1 through 9, above, as though fully set forth herein.

22.   Upon his arrival at the Madison County Jail, on or about May 4, 2015, and repeatedly thereafter Plaintiff made the staff in general, and the medical staff in particular, aware of a number of his medical needs and conditions.

23.   These medical needs and conditions included, but were not limited to:

A.   Plaintiff's feet have extremely high arches, such that he requires arch supports or at least closed-toe shoes or even a sock to enable him to fashion his own crude arch supports using crumbled toilet paper; and

B.   Plaintiff was diagnosed with diabetes in 1997. At various times, Plaintiff was proscribed medicine and restricted to a controlled diet to treat his diabetes.

24.    With respect to his foot needs, Plaintiff repeatedly, orally and in writing, complained of severe pain in his feet from being made to wear open-toed slippers and from being denied arch supports or closed-toe shoes.  Plaintiff repeatedly made these complaints to Defendant Unfried.  Defendant Unfried, however, completely ignored and disregarded these complaints.  She did not provide arch supports or closed-toe shoes, nor did she permit Plaintiff to see the medical doctor who could evaluate Plaintiff's complaints and the condition of his feet. Plaintiff's diabetes also exacerbated the condition of his feet.

25.    With respect to his diabetic condition, Plaintiff was given diabetic meals for the first few days of his 2015 stay in the Madison County Jail.  Therefore, however, the jail stopped providing diabetic meals to Plaintiff but instead served him non-diabetic meals, including breakfasts consisting of a honey bun, which contains sugar well in excess of an appropriate level for someone in a diabetic condition.  Plaintiff repeatedly complained, orally and in writing, to Defendant Unfried, but she refused to order him to be placed on a diabetic diet and she refused his repeated entreaties to be examined by a doctor who could evaluate whether to order Plaintiff to be placed on a diabetic diet.  Things changed only after Plaintiff filed this suit.  In September, 2015, Dr. Robert Blankenship, the Medical Director of the Madison County Jail, became aware of this case when he was asked to prepare an Affidavit to support a motion filed by the defendants herein. On or about September 19, 2015, Plaintiff's request for diabetic meals was finally granted to the extent that paperwork was prepared to enable Plaintiff to obtain diabetic meals.  Even then, it was not until October 10, 2015, that Plaintiff began receiving such meals.

26.    As set forth herein, Defendant Unfried was aware of, but deliberately indifferent to, Plaintiff's serious medical needs for (A) arch supports or closed-toe shoes; and (B) a diabetic diet.  Defendant Unfried knew of and consciously disregarded a substantial risk of harm to

Plaintiff's health or safety, in that she refused to provide arch supports or closed-toe shoes, she refused to see to it that Plaintiff obtained diabetic meals, and she refused to authorize Plaintiff to see the doctor so that the doctor could order arch support or closed-toe shoes and diabetic meals.

27.     Defendant Unfried's acts and omissions as set forth in this Count 3 deprived Plaintiff of his right under the Fourteenth Amendment to the Constitution of the United States of America to not be deprived of life, liberty, or property, without due process of law.

28.     Plaintiff suffered harm as a result of Defendant Unfried's deprivation of his constitutional rights as alleged in this Count 3, including but not limited to severe and continuing pain and discomfort.  In addition, in June, 2015, while incarcerated at the Madison County Jail, Plaintiff suffered a broken foot, and the lack of arch supports or closed-toe shoes caused or contributed to this injury.

29.     Defendant Unfried's conduct was malicious or in reckless disregard of Plaintiff's rights in that the conduct was accompanied with ill will or spite, and was done for the purpose of injuring Plaintiff, and under the circumstances the conduct reflects complete indifference to Plaintiff's safety or rights.

WHEREFORE, Plaintiff prays for judgment on Count 3 in his favor and against Defendant Unfried: (a) for compensatory damages to fairly compensate Plaintiff for the harm he sustained as a direct result of Defendant Unfried's conduct in depriving him of his constitutional rights; (b) for punitive damages in an amount sufficient to punish Defendant Unfried for her conduct and to serve as an example or warning to Defendant Unfried and others not to engage in similar conduct in the future; (c) for a reasonable amount as and for attorney's fees; (d) for his costs herein incurred; and (e) for such other and further relief as the Court deems just and proper.

## COUNT 4 – RIGHT OF ACCESS RETALIATION
### (Defendant Unfried)

30.     Plaintiff restates, realleges and incorporates by reference herein the allegations of Paragraphs 1 through 9, and Paragraphs 21 through 29, above, as though fully set forth herein.

31.     In addition to his incarceration in the Madison County Jail between May and December, 2015, Plaintiff had been incarcerated in the Madison County during part of 2014 as well.

32.     On May 12, 2014, Plaintiff filed, in the United States District Court for the Southern District of Illinois, a suit styled *Crites v. Bunt et al.*, Case Number 3:14-cv-00540-MJR-SCW (the "2014 Suit").  The 2014 Suit named a number of defendants, including but not limited to the "Medical Staff" at the Madison County Jail.

33.     On February 10, 2015, at a time when Plaintiff was no longer incarcerated at the Madison County Jail, the 2014 Suit was dismissed by the Court for failure to prosecute.

34.     Plaintiff's treatment by Defendant Unfried was less favorable to him during his 2015 incarceration at the Madison County Jail than his treatment there had been during his 2014 incarceration.

35.     Defendant Unfried's treatment of Plaintiff included her deliberate indifference to his serious medical needs, as set forth in Count 3 hereof.

36.     Upon information and belief, Defendant Unfried intentionally treated Plaintiff more harshly during his 2015 incarceration than she otherwise would have treated him but for his filing of the 2014 Suit.  Stated differently, Plaintiff's filing of the 2014 Suit was a reason, alone or with other reasons, that moved Defendant Unfried to treat Plaintiff more harshly than would have been the case had he not filed the 2014 Suit.

37.     Defendant Unfried's retaliatory treatment of Plaintiff, based on his filing of the 2014 suit, violates Plaintiff's rights under the First and Fourteenth Amendments to the Constitution of the United States of America.

38.     Plaintiff suffered harm as a direct result of Defendant Unfried's retaliatory treatment.

39.     Defendant Unfried's conduct was malicious or in reckless disregard of Plaintiff's rights in that the conduct was accompanied with ill will or spite, and was done for the purpose of injuring Plaintiff, and under the circumstances the conduct reflects complete indifference to Plaintiff's safety or rights.

WHEREFORE, Plaintiff prays for judgment on Count 4 in his favor and against Defendant Unfried: (a) for compensatory damages to fairly compensate Plaintiff for the harm he sustained as a direct result of Defendant Unfried's conduct in depriving him of his constitutional rights; (b) for punitive damages in an amount sufficient to punish Defendant Unfried for her conduct and to serve as an example or warning to Defendant Unfried and others not to engage in similar conduct in the future; (c) for a reasonable amount as and for attorney's fees; (d) for his costs herein incurred; and (e) for such other and further relief as the Court deems just and proper.

**CAPES, SOKOL, GOODMAN**
**& SARACHAN, P.C.**

*/s/ Sanford J. Boxerman*
Sanford J. Boxerman
IL Bar No. 06200243
7701 Forsyth Blvd., Ste. 1200
St. Louis, MO  63105
Telephone: (314) 505-5470
Facsimile: (314) 505-5471
boxerman@capessokol.com
Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 23, 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

<u>    */s/ Sanford J. Boxerman*        </u>