UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID W. CRITES,

    Plaintiff,

v.

JOHN LAKIN, *et al.*,

    Defendants.

Case No. 3:15-cv-00677-JPG-RJD

**MEMORANDUM AND ORDER**

**J. PHIL GILBERT, DISTRICT JUDGE**

At his deposition, plaintiff David Crites—a pre-trial detainee at the Madison County Jail—testified: "[w]hen you go into Madison County Jail, you have no underwear and no socks. They supply nothing. Absolutely nothing. One uniform. If you get that uniform laundered, you are to remain in your issued blanket sometimes up to eight hours with your birthday suit. That means naked. They supply nothing for indigent inmates, period." (Crites Dep. 28:21–29:4, ECF No. 110-2.) Now, Crites's case rests on that statement. Magistrate Judge Reona J. Daly has issued a Report and Recommendation ("Report") advising that the Court grant summary judgment for the defendants on every claim in this case other than the one about Crites's lack of access to clothes—an alleged violation of the Eighth Amendment. (ECF No. 111.) And while both parties have filed objections to the Report, those objections only challenge the access to clothes issue. (ECF No. 112, 113.)

**I.    LEGAL STANDARDS**

The Court may accept, reject, or modify—in whole or in part—the findings or recommendations of the magistrate judge in her Report. FED. R. CIV. P. 72(b)(3). The Court must review *de novo* the portions of the report to which the parties object. *Id.* But "[i]f no objection or

only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## II. ANALYSIS

### A. Clothes and Underwear

As Magistrate Judge Daly correctly recounted, Crites's claim initially centered on whether a prisoner or pre-trial detainee has a constitutional right to underwear. (Report & Recommendation, ECF No. 111, pp. 12–13.) Jail officials must provide humane conditions of confinement, including adequate food, clothes, shelter, and medical care, *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer,* 468 U.S. 517, 526–527 (1984)). But there is no case that holds that inmates have a specific right to underwear, and other courts faced with this question have found that a lack of underwear is a mere inconvenience rather than a constitutional violation. *See, e.g., Foster v. Sangamon Cty. Jail,* No. 07-3202, 2008 WL 4491944, at *4 (C.D. Ill. Sept. 30, 2008). But the problem in this case goes beyond underwear: if the jail provides Crites with one uniform and leaves Crites naked and without underwear while the jail launders that uniform—as Crites claims—then that is a plain violation of the Eighth Amendment under *Farmer*. And while the defendants here testified that prisoners at the jail can get underwear if family and friends send pairs in, or if the prisoner gets a communal pair from other prisoners, the fact remains that Crites is indigent and the jail does not directly provide him with a pair of underwear. (Bost Dep. 47:12-24, ECF No. 102-3.)

The defendants object, arguing that there is no evidence in the record that Crites remained naked in his cell. To the contrary, Crites testified about this at his deposition, and the Court must both construe the evidence in the light most favorable to Crites—the nonmoving party—and draw all reasonable inferences in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255

(1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008). And given the fact that the jail admits that it does not provide underwear to prisoners, there is a genuine issue of material fact as to whether Crites was forced to remain naked in his cell while the jail laundered his uniform. A fair-minded jury could believe Crites and find in his favor, or a fair-minded jury could decline to believe his testimony and instead find for the defendants—so Crites's claim must go to trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); FED. R. CIV. P. 56(a).

The other question is more nuanced. Crites brought his underwear claim against two defendants: (1) Captain Gary Bost in his individual capacity as the superintendent of the jail; and (2) Sheriff John Lakin in his official capacity as the Sheriff of Madison County with policymaking authority over the jail. Magistrate Judge Daly recommends that Crites's claim against Bost proceed to trial because there were genuine issues of material fact as to whether Bost "was aware that [Crites] was required to remain without clothing while his uniform was being laundered"—and personal knowledge is a requirement to sue someone in their individual capacity. *See Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986). The Court has reviewed the entire file *de novo* and agrees with Magistrate Judge Daly: it is undisputed that Bost knew that the jail did not issue underwear to inmates, and Crites testified that he told Bost about his underwear issues. Even if Bost claims that he did not know that Crites was allegedly naked in his cell, it is up to the jury—not the Court—to decide whom to believe. *Anderson*, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.")

Magistrate Judge Daly, however, also recommends that the Court grant summary judgment in favor of Sheriff Lakin because "[t]here is insufficient evidence to establish it was an informal

policy or custom on the part of the Jail to require inmates to remain without clothing for hours at a time"—a requirement under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). *See also McCormick v. City of Chicago,* 230 F.3d 319, 324 (7th Cir. 2000); (ECF No. 111, p. 14.) Crites objects, and the Court agrees with the objection. There is no dispute that it is a policy of the jail not to issue underwear to prisoners, and if that policy sometimes leads to an indigent prisoner like Crites remaining naked in his cell while the jail launders his uniform, then the policy directly results in constitutional infractions. And while the defendants argue in their objection that Crites "would have received a separate uniform (top and bottom) while his was being laundered," they have pointed to no evidence in the record that states such a thing. Instead, the defendants offer Bost's statement that Crites would have received clothing in the form of a jumpsuit—consisting of a top and bottom—when Crites entered the facility. (Bost Dep. 46:19-23, ECF No. 102-3.) That does not address whether Crites was naked while the jail laundered that jumpsuit. This matter must go to a jury.

**B. Access to Medical Care**

Count III of the complaint was about whether Barbara Unfried—formerly the head nurse at the jail—was deliberately indifferent to Crites's complications stemming from high arches in his feet and diabetes. Magistrate Judge Daly explained that Unfried's conduct did not meet the Eighth Amendment standard for deliberate indifference, *see Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005), and neither party has objected to that holding. But there is a problem here: a few days before the Report became final, the Seventh Circuit held that the medical standard for pre-trial detainees is whether the medical professional's conduct was objectively unreasonable, *not* whether the professional acted with deliberate indifference. *Miranda v. Cty. of Lake*, — F.3d —, 2018 WL 3796482, at *11 (7th Cir. Aug. 10, 2018). Regardless, that does not change the outcome

4

of this case: Crites must show under *Miranda* that Unfried acted "purposefully, knowingly, or perhaps even recklessly" when she contemplated the consequences of her actions. 2018 WL 3796482, at *12. But for all of the reasons that Magistrate Judge Daly already explained, there is no evidence of any of that in this case. (ECF No. 11, pp. 14–16.) The medical claim still fails.

## CONCLUSION

The Court has reviewed the rest of the Report for clear error and found none. So for the foregoing reasons, the Court:

- **ADOPTS IN PART** and **REJECTS IN PART** the Report, as modified by this order (ECF No. 111);

- **OVERRULES** the defendants' objection (ECF No. 112);

- **SUSTAINS** the plaintiff's objection (ECF No. 113);

- **GRANTS IN PART** and **DENIES IN PART** the defendants' motion for summary judgment (ECF No. 102);

- **DISMISSES WITH PREJUDICE** defendant Lawrence Unfried, *Special Representative for Barbara J. Unfried*; and

- **NARROWS** Counts I and II to the access to underwear/clothes issue for purposes of trial.

**IT IS SO ORDERED.**

**DATED: SEPTEMBER 14, 2018**

> s/ *J. Phil Gilbert*
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**